# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| **Patent Armory Inc.,** | Case No. 6:23-cv-541 |
| Plaintiff, | Patent Case |
| v. | Jury Trial Demanded |
| **Meta Platforms, Inc.,** | |
| Defendant. | |

**COMPLAINT FOR PATENT INFRINGEMENT**

1. Plaintiff Patent Armory Inc. ("Plaintiff"), through its attorneys, complains of Meta Platforms, Inc. ("Defendant"), and alleges the following:

**PARTIES**

2. Plaintiff Patent Armory Inc. is a corporation organized and existing under the laws of Canada that maintains its principal place of business at 400-1565 Carling Ave., Ottawa, Ontario, Canada K1Z 8R1.

3. Defendant Meta Platforms, Inc. is a corporation organized and existing under the laws of Delaware that maintains an established place of business at 300 West 6th Street Austin, Texas 78701.

**JURISDICTION**

4. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

1

5. This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over Defendant because it has engaged in systematic and continuous business activities in this District. As described below, Defendant has committed acts of patent infringement giving rise to this action within this District.

**VENUE**

7. Venue is proper in this District under 28 U.S.C. § 1400(b) because Defendant has an established place of business in this District. In addition, Defendant has committed acts of patent infringement in this District, and Plaintiff has suffered harm in this district.

**PATENTS-IN-SUIT**

8. Plaintiff is the assignee of all right, title and interest in United States Patent Nos. 10,237,420; and 8,831,205 (the "Patents-in-Suit"); including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the Patents-in-Suit. Accordingly, Plaintiff possesses the exclusive right and standing to prosecute the present action for infringement of the Patents-in-Suit by Defendant.

**THE '420 PATENT**

9. The '420 Patent is entitled "Method and system for matching entities in an auction," and issued 2019-03-19. The application leading to the '420 Patent was filed on 2017-12-28. A true and correct copy of the '420 Patent is attached hereto as Exhibit 1 and incorporated herein by reference.

**THE '205 PATENT**

10. The '205 Patent is entitled "Intelligent communication routing," and issued 2014-09-09. The application leading to the '205 Patent was filed on 2013-03-15. A true and correct copy of the '205 Patent is attached hereto as Exhibit 2 and incorporated herein by reference.

### COUNT 1: INFRINGEMENT OF THE '420 PATENT

11. Plaintiff incorporates the above paragraphs herein by reference.

12. **Direct Infringement**. Defendant directly infringed one or more claims of the '420 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant products identified in the charts incorporated into this Count below (among the "Exemplary Defendant Products") that infringed at least the exemplary claims of the '420 Patent also identified in the charts incorporated into this Count below (the "Exemplary '420 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringed the claims of the '420 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

13. Defendant also directly infringed, literally or under the doctrine of equivalents, the Exemplary '420 Patent Claims, by having its employees internally test and use these Exemplary Products.

14. Exhibit 3 includes charts comparing the Exemplary '420 Patent Claims to the Exemplary Defendant Products. As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the '420 Patent. Accordingly, the Exemplary Defendant Products incorporated in these charts satisfy all elements of the Exemplary '420 Patent Claims.

15. Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 3.

16. Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

### COUNT 2: INFRINGEMENT OF THE '205 PATENT

17. Plaintiff incorporates the above paragraphs herein by reference.

18. **Direct Infringement**. Defendant directly infringed one or more claims of the '205 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant products identified in the charts incorporated into this Count below (among the "Exemplary Defendant Products") that infringed at least the exemplary claims of the '205 Patent also identified in the charts incorporated into this Count below (the "Exemplary '205 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringed the claims of the '205 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

19. Defendant also directly infringed, literally or under the doctrine of equivalents, the Exemplary '205 Patent Claims, by having its employees internally test and use these Exemplary Products.

20. Exhibit 4 includes charts comparing the Exemplary '205 Patent Claims to the Exemplary Defendant Products. As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the '205 Patent. Accordingly, the Exemplary Defendant Products incorporated in these charts satisfy all elements of the Exemplary '205 Patent Claims.

21. Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 4.

22. Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

## JURY DEMAND

23. Under Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

A. A judgment that the '420 Patent is valid and enforceable

B. A judgment that Defendant has infringed directly one or more claims of the '420 Patent;

C. A judgment that the '205 Patent is valid and enforceable

D. A judgment that Defendant has infringed directly one or more claims of the '205 Patent;

E. An accounting of all damages not presented at trial;

F. A judgment that awards Plaintiff all appropriate damages under 35 U.S.C. § 284 for Defendant's past infringement at least with respect to the '420; and '205 Patents.

G. And, if necessary, to adequately compensate Plaintiff for Defendant's infringement, an accounting:

   i. that this case be declared exceptional within the meaning of 35 U.S.C. § 285 and that Plaintiff be awarded its reasonable attorneys fees against Defendant that it incurs in prosecuting this action;

   ii. that Plaintiff be awarded costs, and expenses that it incurs in prosecuting this action; and

   iii. that Plaintiff be awarded such further relief at law or in equity as the Court deems just and proper.

Dated: July 27, 2023                Respectfully submitted,

                                    /s/ Isaac Rabicoff
                                    Isaac Rabicoff
                                    Rabicoff Law LLC

        600 Mamaroneck Ave STE 400
        Harrison, NY 10528
        7736694590
        isaac@rabilaw.com

**Counsel for Plaintiff**
**Patent Armory Inc.**